**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **PLYMOUTH COUNTY, IOWA,** individually and on behalf of all others similarly situated,<br><br>                      **Plaintiff,**<br><br>v.<br><br>**GRUPO CEMENTOS DE CHIHUAHUA, S.A.B. DE C.V., GCC ALLIANCE CONCRETE, INC., VS HOLDING CO., GREAT LAKES CONCRETE, INC., NORTHWEST READY MIX CONCRETE, INC., SIOUXLAND CONCRETE CO., STEVEN KEITH VANDEBRAKE, and KENT R. STEWART,**<br><br>                      **Defendants.** | **CIVIL ACTION NO.  10-cv-4055**<br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Plymouth County, Iowa ("Plaintiff" or "Plymouth County"), individually and on behalf of all those similarly situated, brings this action for treble damages and costs of suit under the antitrust laws of the United States against defendants Grupo Cementos de Chihuahua, S.A.B. de C.V., GCC Alliance Concrete, Inc., VS Holding Co., Great Lakes Concrete, Inc., Northwest Ready Mix Concrete, Inc., Siouxland Concrete Co., Steven Keith Vandebrake, and Kent R. Stewart (collectively "Defendants").

## I. NATURE OF THE CASE

1.     This lawsuit is brought as a class action on behalf of persons who purchased Ready Mixed Concrete, as the term is defined herein, directly from Defendant GCC Alliance Concrete, Inc. ("GCC/Alliance"), VS Holding Co. ("VS Holding"), Great Lakes Concrete, Inc.

("Great Lakes"), Northwest Ready Mix Concrete, Inc. ("Northwest"), Siouxland Concrete Co. ("Siouxland"), or their predecessors, subsidiaries, affiliates, or co-conspirators, from January 1, 2006 through the present day (the "Class Period").

2.    During the Class Period, Defendants and their co-conspirators manufactured or sold Ready Mixed Concrete, and all the Defendants entered into and implemented a continuing combination or conspiracy to fix, raise, maintain, or stabilize prices for Ready Mixed Concrete and to rig bids at collusive and non-competitive prices to customers.

3.    Steven Keith Vandebrake and Kent R. Stewart, the two individual Defendants named herein, have both pleaded guilty to charges that they conspired on behalf of GCC/Alliance and Great Lakes Concrete to fix prices for Ready Mixed Concrete.

4.    Because of Defendants' and their co-conspirators' unlawful conduct, Plaintiff and the Class paid artificially inflated prices for Ready Mixed Concrete.

## II.  JURISDICTION AND VENUE

5.    Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages and the costs of this suit, including reasonable attorneys' fees, for injuries sustained by Plaintiff as a result of Defendants' and their co-conspirators' violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, as alleged in this Complaint.

6.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

7.    Venue is proper in this Judicial District pursuant to 15 U.S.C. §§ 15(a) and 22 and 28 U.S.C. § 1391(b) and (c) because during the Class Period, Defendants resided, transacted business, were found, or had agents in this District, or because a substantial part of the events

giving rise to Plaintiff's claims occurred in this District, and a substantial portion of the affected interstate trade and commerce described below has been carried out in this District.

8. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants: (a) transacted business in this District, and elsewhere; (b) manufactured, sold, shipped, and delivered substantial quantities of Ready Mixed Concrete in this District; (c) had substantial contacts with this District; and (d) were engaged in an illegal price-fixing conspiracy that was directed at and had the intended effect of causing injury to persons residing in, located in, or doing business in this District, and elsewhere.

### III. DEFINITIONS

9. "Class Period" means the period from January 1, 2006 through the present day.

10. "Person" means any individual, partnership, corporation, association or other business or legal entity.

11. "Ready Mixed Concrete," as the term is used in this Complaint, means a product whose ingredients include cement, aggregate (sand and gravel), water, and, at times, other additives.

### IV. PARTIES

*Plaintiff*

12. Plaintiff Plymouth County, Iowa is a county located in northwestern Iowa, with the county seat at Le Mars, Iowa. Plymouth County had a population of 24,849 in the 2000 Census. Plymouth County purchased Ready Mixed Concrete directly from one or more of the Defendants during the Class Period.

3

*Defendants*

13. Grupo Cementos de Chihuahua, S.A.B. de C.V. is a Mexican corporation headquartered in Ciudad Juarez, Chihuahua, Mexico. GCC produces, distributes and markets cement, ready-mixed concrete, aggregates, and innovative products related to the construction industries in Mexico, United States and Bolivia.

14. GCC Alliance Concrete, Inc. is an Iowa corporation with its principal place of business in Orange City, Iowa. In January 2008, GCC announced that it had acquired 100% of the assets of Alliance Concrete, Inc. At the time of the acquisition, Alliance owned and operated 23 Ready Mixed Concrete plants in Northwest Iowa, where it had a leading position in the market. Alliance also sold its products in South Dakota, Minnesota, and Nebraska. In 2005, prior to Alliance's acquisition by GCC, Joe's Ready Mix and Russell's Ready Mix merged to form Alliance Concrete, Inc.

15. Manuel Milán, Chief Executive Officer of GCC, stated that GCC's acquisition of Alliance "strengthens our position in the markets where we participate." Among the key benefits of the acquisition touted by GCC were the "[e]xpansion of GCC's U.S. footprint with the acquisition of a market leader in a region adjacent and complementary to GCC's existing business" and "[v]ertical integration and a greater share of the cement value chain in the states of South Dakota, Minnesota and Iowa."

16. VS Holding Co. is an Iowa corporation with its principal place of business at 1140 North Main Avenue, Sioux Center, Iowa. VS Holding manufactured and sold Ready Mixed Concrete during the Class Period.

17. Great Lakes Concrete, Inc. is an Iowa corporation with its home office located in Spencer, Clay County, Iowa. Great Lakes manufactured and sold Ready Mixed Concrete during the Class Period.

18. Northwest Ready Mix Concrete, Inc. is an Iowa corporation with its principal place of business at 1140 North Main Avenue, Sioux Center, Iowa. Northwest manufactured and sold Ready Mixed Concrete during the Class Period.

19. Siouxland Concrete Co. is a Nebraska corporation with its principal place of business at 2201 G Street, South Sioux City, Nebraska. Siouxland manufactured and sold Ready Mixed Concrete during the Class Period.

20. Steven Keith Vandebrake was formerly an owner, president, and sales manager of a predecessor of GCC/Alliance, formerly a president of VS Holding, and sales manager for GCC/Alliance. In his capacity as president and sales manager, he was responsible for managing the business operations, including pricing decisions. On April 26, 2010, a three count Information charging Mr. Vandebrake with violating Section 1 of the Sherman Antitrust Act in connection with the sale of Ready Mixed Concrete was filed in the United States District Court for the Northern District of Iowa. On May 4, 2010, Mr. Vandebrake pled guilty to the charges set forth in the Information.

21. Kent R. Stewart ("Stewart") is president of Great Lakes Concrete. On May 6, 2010, Mr. Stewart was charged with conspiring in violation of Section 1 of Sherman Antitrust Act to fix prices for Ready Mixed Concrete sold to customers in Iowa. On May 24, 2010, Mr. Stewart pled guilty to the charge of conspiracy.

22. Wherever in this Complaint reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction

by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the corporation's business or affairs.

23. The acts alleged in this Complaint to have been done by Defendants were authorized, ordered, and condoned by their officers, directors, agents, employees, or representatives while engaged in the management, direction, control, or transaction of Defendants' business affairs.

## V.  CO-CONSPIRATORS

24. Other persons and entities, not yet named as defendants herein, have participated as co-conspirators with Defendants in the violations alleged in this Complaint.

## VI.  INTERSTATE TRADE AND COMMERCE

25. The activities of Defendants and their co-conspirators, as described in this Complaint, were within the flow of and substantially affected interstate commerce.

26. During the Class Period, Defendants and their co-conspirators, purchased substantial quantities of equipment and supplies necessary for the manufacture and distribution of Ready Mixed Concrete, which equipment and supplies were shipped into Iowa from points of origin outside Iowa.

27. During the Class Period, the business activities of the Defendants and their co-conspirators in connection with the manufacture and sale of Ready Mixed Concrete affected by the conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

## VII.  CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action against Defendants under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and all other members of the following Class:

> All persons (excluding Defendants, their parents, predecessors, subsidiaries and affiliates, and their co-conspirators) who purchased Ready Mixed Concrete directly from Defendants or any of their predecessors, subsidiaries, affiliates, or co-conspirators, at any time during the period from January 1, 2006 through the present day.

29. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants and their co-conspirators. Due to the nature of the trade and commerce involved, however, Plaintiff believes that Class members number at least in the hundreds and are sufficiently numerous that joinder of all Class members is impracticable.

30. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is a direct purchaser of Ready Mixed Concrete from one or more of the Defendants, and its interests are consistent with and not antagonistic to those of the other members of the Class. In addition, Plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

31. There are questions of law or fact common to the Class, including:

   a. Whether Defendants engaged in a combination or conspiracy to fix, raise, maintain, or stabilize prices, or rig bids for the sale, of Ready Mixed Concrete;

   b. The identity of Defendants' co-conspirators;

  c.  Whether the conspiracy as alleged in this Complaint violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1;

  d.  Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of Plaintiff and the other members of the Class;

  e.  The effect of Defendants' conspiracy on the prices of Ready Mixed Concrete sold by them and their co-conspirators during the Class Period; and

  f.  The measure of damages sustained by Plaintiff and other members of the Class.

**32.** Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

**33.** A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This Class action presents no difficulties in management that would preclude maintenance as a class action.

**34.** Finally, the Class is readily definable and is one for which records likely exist in the files of Defendants and their co-conspirators.

## VIII.  <u>VIOLATIONS ALLEGED</u>

**35.** Beginning approximately on January 1, 2006 and continuing thereafter through the present day, the exact dates presently being unknown to Plaintiff, Defendants and their co-conspirators participated in a continuing agreement, combination, or conspiracy in unreasonable restraint of trade to artificially raise, fix, maintain, or stabilize prices for, or rig bids for the sale of, Ready Mixed Concrete in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

**36.** In formulating and effectuating their combination and conspiracy, Defendants and their co-conspirators engaged in anticompetitive activities, the purpose and effect of which were to artificially raise, fix, maintain, or stabilize the price of Ready Mixed Concrete.  These activities included:

 a. engaging in discussions concerning price increases for the conspirators' annual price lists for Ready Mixed Concrete;

 b. agreeing during those discussions to raise prices on their respective price lists for Ready Mixed Concrete;

 c. engaging in discussions concerning project bids for sales of Ready Mixed Concrete;

 d. agreeing during those discussions to submit rigged bids at collusive and noncompetitive prices to customers;

 e. submitting bids and selling Ready Mixed Concrete at collusive and noncompetitive prices; and

 f. accepting payment for sales of Ready Mixed Concrete at collusive and noncompetitive prices.

37. As a direct and proximate result of the unlawful conduct of Defendants and their co-conspirators, as alleged in this Complaint, Defendants have restrained competition in the sale of Ready Mixed Concrete, and Plaintiff and the other members of the Class have been injured in their business and property in that they paid more during the Class Period for Ready Mixed Concrete than they otherwise would have paid in the absence of the unlawful conduct of Defendants and their co-conspirators.

## IX. TOLLING OF THE STATUTE OF LIMITATIONS

38. Until recently, Plaintiff did not have knowledge of the violations alleged herein. Further, Plaintiff, until recently, could not have discovered, by the exercise of reasonable diligence, that Defendants and their co-conspirators had engaged in the violations alleged herein since Defendants and their co-conspirators actively and fraudulently concealed these violations so as to obscure their illegal activity.

39. Defendants engaged in a successful, illegal price-fixing conspiracy that, by its nature, was inherently self-concealing.

40. Plaintiff could not have discovered the alleged conspiracy at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques employed by Defendants and their co-conspirators to avoid detection of, and to fraudulently concealed, the combination or conspiracy herein alleged by various means and methods, including, but not limited to, secret meetings and surreptitious communications.

41. The affirmative actions of the Defendants herein alleged were wrongfully concealed and carried out in a manner that precluded detection.

42. By virtue of the fraudulent concealment by Defendants and their co-conspirators, the running of any statute of limitations has been tolled and suspended with respect to any claims

that Plaintiff and the Class members have as a result of the unlawful combination or conspiracy alleged in this Complaint.

## X.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class proposed in this Complaint, respectfully requests:

A.   That the Court certify the Class pursuant to Fed. R. Civ. P. 23(b)(3), and adjudge Plaintiff to be an adequate representative thereof;

B.   That Defendants' unlawful combination or conspiracy as alleged in this Complaint be adjudicated and decreed a *per se* violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1;

C.   That Plaintiff and the other members of the Class recover damages against Defendants and their co-conspirators, jointly and severally, in an amount to be trebled in accordance with the antitrust laws pursuant to 15 U.S.C. § 15(a);

D.   That Defendants and their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on its behalf, be permanently enjoined and restrained from, in any manner:

(1)   continuing, maintaining, or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination, or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; and

(2)   communicating or causing to be communicated to any other person engaged in the manufacture, distribution, or sale, of any product that Defendants also manufacture, distribute, or sell, including Ready Mixed Concrete, information concerning prices,

bids, or other terms or conditions of sale of any such product, except to the extent necessary in connection with *bona fide* sales transactions between the parties to such communications.

E. That Plaintiff and the other members of the Class be awarded expenses and costs of suit, including reasonable attorneys' fees, to the extent provided by law;

F. That Plaintiff and the other members of the Class be awarded pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

G. That Plaintiff be awarded such additional relief as the Court may deem just and proper.

## XI. JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**Dated:** June 11, 2010

        Respectfully submitted,

        By: /s/ Patrick N. Murphy
        Patrick N. Murphy AT0005572
        **MURPHY, COLLINS & BIXENMAN, P.L.C.**
        38 First Avenue NW, P.O. Box 526
        Le Mars, Iowa  51031
        Tel:  (712) 546-8844
        Fax:  (712) 546-8847
        murphlaw@premieronline.net

        By: /s/ Adam J. Levitt
        Adam J. Levitt
        John E. Tangren
        **WOLF HALDENSTEIN ADLER**
         **FREEMAN & HERZ LLC**
        55 West Monroe Street, Suite 1111
        Chicago, Illinois  60603
        Tel:  (312) 984-0000
        Fax:  (312) 984-0001
        levitt@whafh.com
        tangren@whafh.com

Fred Taylor Isquith
Zachary W. Biesanz
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York  10016
Tel:  (212) 545-4600
Fax:  (212) 545-4653
isquith@whafh.com
biesanz@whafh.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania  19107
Tel:  (215) 238-1700
Fax:  (215) 238-1968
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Russell D. Henkin
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604
rhenkin@bm.net

Manuel J. Dominguez
Kyle G. DeValerio
**BERMAN DeVALERIO**
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, Florida  33410
Tel: (561) 835-9400
Fax: (561) 835-0322
mdominguez@bermandevalerio.com
kdevalerio@bermandevalerio.com

Christopher Lovell
Fred T. Isquith, Jr.
**LOVELL STEWART HALEBIAN
 JACOBSON LLP**
61 Broadway, Suite 501

>New York, New York  10006
>Tel:  (212) 608-1900
>Fax:  (212) 719-4677
>clovell@lshllp.com
>fisquith@lshllp.com
>
>***Counsel for Plaintiff***

16382